IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **TONYA GANNON,** | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) **Jury Trial Demanded** |
| **AIG DIRECT INSURANCE SERVICES, INC.,** | ) |
| Defendant. | ) |

# COMPLAINT

TONYA GANNON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following AIG DIRECT INSURANCE SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Tennessee, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Paris, Tennessee 38242.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 9640 Granite Ridge Drive, Suite 200, San Diego, California 92123.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in early May 2015 and continuing through July 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice.

14. Defendant's telephone calls were not made for "emergency purposes."

15. When Plaintiff has answered calls from Defendant, she was greeted with an automated pre-recorded message each time.

16. Plaintiff has never provided her cellular phone number or any contact information to Defendant and has no idea why they're contacting her.

17. Plaintiff has had the same insurance provider for the last six years and has never made any attempt to get different insurance.

18. In late May Defendant acknowledged Plaintiff's request for calls to stop, telling Plaintiff that she would be removed from Defendant's calling list

19. Nevertheless, Defendant persisted in calling Plaintiff on her cellular telephone for several months.

20. Plaintiff has become so frustrated with the volume of calls that she has taken steps to block Defendant's number from calling her phone.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

## COUNT I

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent as Plaintiff revoked consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses

and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TONYA GANNON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TONYA GANNON, demands a jury trial in this case.

Respectfully submitted,

DATED: July 17, 2015

/s/ Amy L. Bennecoff Ginsburg
By: Amy L. Bennecoff Ginsburg, Esquire
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com
Attorney for Plaintiff